UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-9594-MWF (FFMx)     Date:  February 28, 2017
Title:    Victor Fernandez v. Saia Inc., et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE PLAINTIFFS' MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT [13]

Before the Court is Plaintiff's Motion to Remand (the "Motion"), filed on January 17, 2017. (Docket No. 13). Defendant filed an Opposition to the Motion on February 6, 2017. (Docket No. 16). Plaintiff filed a Reply on February 7, 2017. (Docket No. 18). The Court held a hearing on February 27, 2017.

For the reasons stated below the Motion is **DENIED**. While the Ninth Circuit has not spoken on this precise issue, its decisions in analogous cases as well as the Court's interpretation of the California law at issue militate against remand here.

**I.   BACKGROUND**

Plaintiff's Complaint alleges various claims of action under California law against Defendant, including disability discrimination, violation of the California Family Rights Act, race discrimination, national origin discrimination, wrongful termination, and declaratory relief. (Complaint, Docket No. 1, Ex. 2). Defendant removed the case on December 28, 2016, alleging the existence of diversity jurisdiction. (Docket No. 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-9594-MWF (FFMx)           Date:  February 28, 2017
Title:    Victor Fernandez v. Saia Inc., et al.

## II. LEGAL STANDARD

The threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003). In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Congress has excepted from removal jurisdiction any "civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).

## III. DISCUSSION

Plaintiff's Motion argues that his claims "arise under" California workers' compensation law, and thus are not removable to federal court. (Motion at 5). "The term 'arising under' in the context of § 1445(c) has the same meaning as 'arising under' in 28 U.S.C. § 1331, which governs federal question jurisdiction." *Hamblin v. Coinstar, Inc.*, 2007 WL 4181822, at *1 (E.D. Cal. Nov. 21, 2007). In the context of § 1331, the Ninth Circuit has stated that a "claim arises under federal law within § 1331 if it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim." *Virgin v. Cty. of San Luis Obispo*, 201 F.3d 1141, 1142–43 (9th Cir. 2000).

Plaintiff's fifth cause of action alleges, in part, violations of California Labor Code section 132a. (Complaint ¶ 102). Section 132a provides:

> (1) Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or

---

**CIVIL MINUTES—GENERAL**                                              2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-16-9594-MWF (FFMx) | Date:  February 28, 2017 |
| Title:    Victor Fernandez v. Saia Inc., et al. | |

> her intention to file a claim for compensation with his or her employer or an application for adjudication, or because the employee has received a rating, award, or settlement, is guilty of a misdemeanor and the employee's compensation shall be increased by one-half, but in no event more than ten thousand dollars ($10,000), together with costs and expenses not in excess of two hundred fifty dollars ($250). Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

Cal. Labor Code § 132a(1). Plaintiff argues that his claims under this section arise under California's workers' compensation law, and thus that this case was not removable to federal court.

      This question has been addressed by several federal courts in California. For example, in *Hamblin*, the court concluded that § 1445(c) barred removal of the plaintiff's claims made under section 132a. *Hamblin*, 2007 WL 4181822, at *3. In that case, the complaint contained only a single cause of action. The court determined that section 132a codifies a claim for retaliatory discharge in California. In addition, the statute provides a "two-fold" remedy to an employee fired for filing a workers' compensation claim. *Id.* The employee can file a claim seeking relief under section 132a with the Workers' Compensation Appeals Board. *Id.* Or, alternatively, the employee may file a common law termination in violation of public policy claim, known as a *Tameny* claim. *Id.* (citing *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 176, 164 Cal. Rptr. 839 (1980)). The claims in that case, and in Plaintiff's case here, were *Tamany* claims. "To assert a *Tameny* claim, the plaintiff must identify the specific public policy the termination violated and the public policy must derive from a constitutional provision, statute, or administrative regulation that serves a statutory objective." *Id.* The *Hamblin* court concluded that because the plaintiff's claim would not have existed without section 132a, the statute created the substantive rights under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-16-9594-MWF (FFMx)          Date: February 28, 2017
Title:     Victor Fernandez v. Saia Inc., et al.

which the plaintiff had brought suit. Accordingly, the claims arose under the workers' compensation law and could not be removed to federal court.

Plaintiff also cites to *Quinones v. Target Stores*, 2005 WL 3157515, at *5 (N.D. Cal. Nov. 23, 2005) ("Furthermore, since one of the requirements of a Tameny claim is that the public policy is delineated in a constitutional or statutory provision, Plaintiff has rightfully cited a public policy delineated in section 132(a). California workers' compensation statute clearly creates a substantive right to be free from retaliatory discharge after making a workers' compensation claim. Accordingly, the Court finds that Plaintiff's Tameny claim 'arises under' California workers' compensation law and therefore, cannot be removed."). The court there similarly concluded that a claim for retaliatory discharge under section 132a could not be removed to federal court.

In addition, Plaintiff cites *Names v. Lee Publications, Inc.*, 2009 WL 3008296, at *4 (S.D. Cal. Sept. 21, 2009). There the plaintiff's complaint alleged discrimination under the California Fair Employment and Housing Act ("FEHA") in addition to section 132a claims. The court concluded that the 132a claims needed to be remanded, and that the other claims should be remanded as well. *Id.* ("Since remand of plaintiff's non-removable retaliatory discharge claim is warranted, principles of judicial economy and comity support the remand of his other state law claims as well. These claims involve questions of state contract and employment law which are better left to the state court for resolution.").

Finally, Plaintiff cites a decision from this district in which the court remanded an action alleging claims of retaliatory discharge and various forms of discrimination. *Orozco v. Autuzone West, Inc.*, EDCV 10-00594 VAP (VBKx), (C.D. Cal. June 9, 2010) (attached as Exhibit D to the Declaration of Michael Fostakowsky, Docket No. 13-2). The court's reasoning mirrored that of the cases cited above.

In its Opposition, Defendant cites to *Ramirez v. Saia Inc.*, 2014 WL 3928416, at *1 (C.D. Cal. Aug. 12, 2014), which denied a motion to remand filed by the same attorneys here against the same defendant, Saia Inc. The complaint alleged similar causes of action, and also included a *Tameny* claim citing to section 132a. The

**CIVIL MINUTES—GENERAL**          4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-16-9594-MWF (FFMx) | Date: February 28, 2017 |
| Title: Victor Fernandez v. Saia Inc., et al. | |

*Ramirez* court noted, "The issue of whether a defendant may properly remove a wrongful-discharge-in-violation-of-public-policy claim to federal court notwithstanding § 1445(c) is a highly unsettled issue which has resulted in a circuit split for well over two decades. Neither the United States Supreme Court nor the Ninth Circuit has issued any controlling precedent on the issue." *Id.* The court recognized the decisions in *Hamblin* and *Quinones*, but concluded that remand was inappropriate because "notwithstanding those decisions, the Court finds that a Tameny claim grounded in section 132a does not arise under California's workers'-compensation laws." *Id.* The court reasoned that worker's compensation law is not a "necessary element of a *Tameny* claim grounded in section 132a." *Id.*

In addition, Defendant cites *Threadgill v. Mclane/Suneast, Inc.*, 2015 WL 114203, at *4 (C.D. Cal. Jan. 8, 2015), which also concluded that a *Tamany* claim under section 132a is removable to federal court. The complaint in that case though was, unlike Plaintiff's Complaint here, "devoid of any citation or reference to § 132a or California's WCA." *Id.*

The Court is confronted with an unsettled issue of law in the Ninth Circuit. The Court recognizes that the Complaint does make reference to section 132a, but ultimately agrees with Defendant that remand is inappropriate here for several reasons:

***First***, there is Ninth Circuit guidance. The cases finding federal jurisdiction for *Tamany* claims discuss analogous Ninth Circuit decisions. For instance, the Ninth Circuit has held that, in the context of federal question jurisdiction, resting a state wrongful discharge claim on a federal source of public policy does not confer federal jurisdiction, i.e., the state tort does not "arise under" federal law. *See Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1315 (9th Cir. 1997) (concluding that plaintiff's *Tameny* claim predicated on violation of the federal False Claims Act did not "arise under" federal law); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 347 (9th Cir. 1996) (invoking Title VII as the public policy violated by a wrongful discharge does not create federal-question jurisdiction). This interpretation of "arising under" by the Ninth Circuit is persuasive here. Plaintiff's *Tameny* claim similarly does not "arise under" California's workers' compensation regime.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-16-9594-MWF (FFMx) | Date:  February 28, 2017 |
| Title:     Victor Fernandez v. Saia Inc., et al. | |

*Second,* the Complaint cites to other California statutory provisions that may form the basis for his retaliation in violation of public policy claim.  For instance, paragraphs 98 through 101 of the Complaint discuss the public policy embodied in California Government Code § 12940 et seq.  Because section 132a is not the sole basis of his claims, it is not a necessary element of his claims.  *See Thomas v. U.S. Foods, Inc.*, 2012 WL 5634847, at *3 (C.D. Cal. Nov. 14, 2012) ("Second, Plaintiff's claim is based on three statutory policies, only one of which relates to workers' compensation.  Accordingly, workers' compensation is not a necessary element of Plaintiff's claim.").  Counsel for Plaintiff dealt directly with this issue at the hearing by arguing that the section 132a was intertwined with the other bases for the claim.  That cuts both ways.  Although the point was argued well, ultimately the Court feels that this issue favors jurisdiction.

*Third*, allowing removal of section 132a claims "does not implicate the congressional concern for a states' interest in administering its workers' compensation scheme."  *Id.*  These claims "fall[] outside of the compensation bargain" embodied in the California workers' compensation law.  *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1155, 77 Cal. Rptr. 2d 445 (1998).  The Court agrees that it is "not required to construe California's workers' compensation statute in order to decide Plaintiff's wrongful termination claim."  *Thomas*, 2012 WL 5634847, at *4.

Accordingly, jurisdiction is appropriate in this Court and the Motion is **DENIED**.  The Court will soon issue separate scheduling orders.